IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NOS. WR-58,390-03 and


WR-58,390-04



 



EX PARTE JAMES BRUCE MULLINS, Applicant









ON APPLICATIONS FOR WRITS OF HABEAS CORPUS 

CAUSE NUMBERS 29,974-A-H-2 AND 29,972-A-H-2

IN THE 188TH DISTRICT COURT GREGG COUNTY 



 

 


 Per curiam.


 

O R D E R



 These are applications for a writs of habeas corpus that were transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty to possession of a firearm by a felon and aggravated assault on
a public servant. He was sentenced in accordance with a plea agreement to terms of
imprisonment for ten and twenty years, respectively. There was no direct appeal.

 In these applications for a writs of habeas corpus, Applicant argues that he was
coerced into accepting a plea agreement after he was incorrectly determined to have
committed the offense while sane and incorrectly determined to be competent to stand trial,
that the trial court failed to conduct a competency hearing or hearing regarding a
psychologist's report, and that he was denied effective assistance of counsel when his
attorney did not further investigate into Applicant's claims of insanity and incompetency
after reviewing an inadequate psychological report.

 The trial court has not entered findings of fact and conclusions of law addressing these
claims, and it is this Court's opinion that more information is needed before this Court can
render a decision on these grounds for review. Thus, further information must be submitted
that addresses whether the interview and evaluation administered by the psychologist to
determine Applicant's sanity and competence was adequate to make a finding that Applicant
was sane at the time of the offense and competent to stand trial.

 Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
these issues as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal
Procedure. The trial court shall order affidavits from the psychologist who examined
Applicant that discusses his examination of Applicant and the subsequent order issued by the
Texas Board of Examiners of Psychologists, from the Texas Board of Examiners of
Psychologists discussing the basis for the agreed order it issued regarding the psychologist
who evaluated Applicant, and from any other persons, agencies, or organizations that the trial
court believes may have relevant knowledge regarding Applicant's claims. The trial court
may also order depositions, interrogatories, or hold a hearing. In the appropriate case, the
trial court may also rely on its personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall determine whether
the interview and evaluation administered by the psychologist was adequate to make a
finding that Applicant was sane at the time of the offense and competent to stand trial. The
trial court shall also make any further findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's application for habeas corpus relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, these applications for post-conviction writs of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. (2)




DELIVERED: FEBRUARY 1, 2006

DO NOT PUBLISH
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.